

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. John D. Reed
Bureau of Labor Statistics
Capitol Station
Austin, Texas

Dear Sir:

Opinion No. O-5042

Re: Violations of Employment or Labor Agency Law.

We are in receipt of your opinion request reading as follows:

"Sec. 13 of H. B. No. 264 as enacted by the 48th Leg. in 1943 provides in Sec. (b) that it shall be unlawful for an employment or labor agent to 'advertise his agency by means of cards, circulars, signs or in newspapers or other publications, unless all such advertisements shall set forth the name of the agent and the address of his employment office; nor shall any such licensed person use any letterheads or blanks not containing the name of such employment or labor agent and the address of his employment office.'

"Most of the licensed agents recruiting common or agricultural labor usually represent and supply labor for more than one employer. We have one licensed agent, Mr. S. P. Acosta, doing business as the Acosta Labor Agency, who represents nine different groups of sugar beet growers and Mr. Acosta for many years has supplied these groups with the above type of labor from this State.

"A great deal of this solicitation is carried on by means of advertisements in the Spanish language newspapers and by postal cards printed in Spanish. A sample of one of the postal card used last year is attached and marked 'A'. This year, however, we find that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS

some of the groups operating through the Acosta
Labor Agency are advertising and sending out
postal cards in their name without setting forth
the name of the agent through which they do
business and his address. A sample of that type
of card is also attached and marked 'B'.

"We are of the opinion that any solicita-
tion or advertising of this nature must be done
through a regularly licensed agent, using his
name and address in accordance with Sec. (b)
or the person so advertising and soliciting labor
must secure a license in his name or be operating
in violation of our law. Will you please give
consideration to this matter and advise me whether
or not this office is correctly interpreting the
law?"

The sample card attached to your letter, marked "B",
when translated from Spanish to English, reads as follows:

"Dear Friend:

"We are relying on you and your group to
work with us in the beet fields, and we need
to know immediately whether you wish a place
reserved to you. The proposed price by the Govern-
ment for this year will be $17.00 per acre for the
bloqueo, desaije acatoneo y el tapeo, equal to that
of 1948, but $5.00 per acre of certificates when
the tapeo is complete. The transportation will be
gratis and the Government has promised to make
arrangements for you to have gasoline or tires, if
you go in Car or Truck.

"The attached card is your application for
work and assures you your place. Take it and mark
on it the number of hands that will go with your
group and mark with an X in the place which indi-
cates whether you go in Car or Truck and the date
on which you will be ready to leave. Be sure to
sign the card and send it to us immediately.

GREAT LAKES GROWERS EMPLOYMENT COMMITTEE INC.
Sta. A. Box 4037                    San Antonio, Texas"

Attached to the above card is a stamped post-
card, addressed to the Great Lakes Growers Employment
Committee, Inc. Sta. A, Box 8037, San Antonio, Texas, which
is attached by a perforated margin. This attached card,
when translated from Spanish to English, reads on the back
as follows:

"By means of the present instrument I make
application for work on the sugar beet with the
ranchers of the GREAT LAKES GROWERS EMPLOYMENT
COMMITTEE INC. for the interval of 1944, in my
name and that of my family or group composed of
_____workers all 14 years of age or more.

"We worked on the Beet in 1943 in _____.

"We shall go in Car_____or Truck_____, and
we shall be ready to leave about the day of
_____. If you need tires say how many
_____and Size_____.

"Signature_____

"Address_____"

You have quoted in your letter Section 13 (b) of
Article 1593a, Vernon's Annotated Texas Penal Code. If
Mr. Acosta, or any other licensed agent, is sending out cards
such as those copied above to prospective employees without
his name and address appearing thereon, it is our opinion that
he is violating the section of the employment or labor agency
law which you have quoted.

Also, Great Lakes Growers Employment Committee Inc.,
which you have advised us is not a licensed agent, is violating
this law in sending out cards, such as those copied above,
offering to procure employment for common laborers or agri-
cultural workers.

Section 1 (4), Article 5221-a, Vernon's Annotated
Texas Civil Statutes, which is a part of the employment or
labor agency law, reads as follows:

"'Employment or Labor Agent' means any person
in this State who for a fee offers or attempts to
procure or procures employment for employees, or

without a fee offers or attempts to procure
or procures employment for common laborers
or agricultural workers, or any person who
for a fee offers or attempts to procure or
procures employees for employers, or without
a fee offers or attempts to procure or procures
common laborers or agricultural workers for
employers, or any person, regardless of whether
a fee is received or due, offers or attempts
to supply or supplies the services of common
or agricultural workers to any person."

Section 15, Article 1593a, Vernon's Annotated
Texas Penal Code reads as follows:

"Whoever acts as an employment or labor
agent or conducts an employment office in any
county in this State without having first filed
with the Commissioner of Labor Statistics of
the State of Texas, an application for license
as employment or labor agent as provided by
this Act, and/or without having first paid all
State and county occupation taxes and annual
license fee as provided by law or without having
first secured a State license as provided,
and/or who does not file monthly reports as
provided by this Act, and/or who shall engage
in the business of an employment or labor agent
in any county in this State without first having
designated such county as one of the counties
in which he proposes to do such business in his
original or amended application to the com-
missioner of Labor Statistics of Texas, shall
be guilty of a misdemeanor, and upon conviction
shall be punished by fine not exceeding Five
Hundred Dollars ($500), or by imprisonment in
the county jail for not exceeding six (6) months,
or by both such fine and imprisonment."

We accordingly reply to your inquiry in the af-
firmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/Fagan Dickson
        Assistant

FD:bt:bb
APPROVED MAY 27, 1944
/s/ G. P. Blackburn
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By - O. S., Chairman